| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:20-CR-110(9) |
| § | |
| SUNY YU ROBINSON § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Suny Yu Robinson's ("Robinson") *pro se* letter Motion for Early Termination from Federal Supervision (#330), wherein she seeks early termination of her three-year term of supervised release. Although her supervising Probation Officer in the Southern District of Texas has no objection to early termination, United States Probation and Pretrial Services ("Probation") in the Eastern District of Texas conducted an investigation and submitted a report recommending that the court deny Robinson's motion. The Government is also opposed to Robinson's early termination request. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Robinson's motion should be denied.

I.  Background

On December 2, 2020, a federal grand jury in the Eastern District of Texas returned a three-count Indictment that named Robinson along with eight codefendants. The Indictment charged Robinson in Count One with Conspiracy to Possess with Intent to Distribute a Controlled Substance (Methamphetamine Actual), in violation of 21 U.S.C. § 846. On April 7, 2022, the United States Attorney filed an Information charging Robinson in Count One with Conspiracy to Possess with the Intent to Distribute and Distribution of a Controlled Substance (Methamphetamine Actual), in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. On April 13, 2022, Robinson

pleaded guilty to Count One of the Information pursuant to a binding plea agreement. On July 19, 2022, the court sentenced Robinson to 30 months' imprisonment, to be followed by 3 years of supervised release, in accordance with the terms of the plea agreement. On February 23, 2023, Robinson completed her term of imprisonment and commenced her term of supervised release in the Southern District of Texas, which is projected to expire on February 22, 2026.

In the current motion, Robinson asserts that she has fully complied with her conditions of release and has been moved to a lower case load requiring only electronic reporting due to her success to date. She states that she has been in recovery for over three years from any substance and for fourteen years from alcohol. Robinson explains that she began working a month after her release, and within four months of employment at Unified Global Solutions, she was offered a better job working for a larger corporation, SpectrumVoip, where she has worked remotely as a sales development representative since August 7, 2023. Robinson complains, however, of being released to Texas, where she lived at the time of her arrest and prosecution, rather than to Nashville, Tennessee, where she maintains a home with her purported fiancé, Matthew Blake Powell, and his eleven-year-old daughter. She contends that she was originally scheduled to be released to Indiana, where her grandfather resided, but he passed away while she was incarcerated. Robinson protests that she has been paying rent, water, and internet for the home in Nashville, but she was only allowed to visit for two weeks at a time for the past seven months, despite the twelve-hour drive one way. Robinson laments that she thought she could obtain a transfer of jurisdiction for her supervised release to Tennessee once she got the house, but she has applied for a transfer three times and has been denied.

II.     Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).  "Early termination of supervised release is not an entitlement."  *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021).  Instead, the defendant bears the burden of demonstrating that early termination is warranted.  *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018).  Early termination "is not warranted as a matter of course."  *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022).  "To the contrary, it is only 'occasionally' justified."  *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

---

[1] Section 3553(a) directs courts to consider:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim.  18 U.S.C. § 3553(a).

Although Robinson's Probation Officer in the Southern District of Texas does not oppose early termination, this fact, standing alone, is insufficient to justify granting Robinson's request for early termination. *See*, *e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and probation did not oppose early termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228, 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's probation officer supported it).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected,

4

and without more, insufficient to justify early termination."); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*,

5

No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *Seymore*, 2023 WL 3976200, at *1 ("[E]arly termination is usually granted only in cases involving

6

changed circumstances, such as exceptionally good behavior." (quoting *Smith*, 2014 WL 68796, at *1)).

Robinson's offense of conviction stems from her participation in a methamphetamine trafficking conspiracy that spanned from 2018 to 2020 in the Eastern and Southern Districts of Texas. On May 6, 2020, law enforcement conducted surveillance on Robinson, observing her travel to an apartment building in Houston, Texas, known to be the residence of Codefendant Jade Grepares. Robinson parked and remained in her vehicle for approximately forty-five minutes waiting for Grepares. Upon the arrival of Grepares, Robinson grabbed a black backpack from her vehicle and proceeded upstairs with Grepares to her apartment. A short while later, Robinson left Grepares's apartment. Based upon the belief that she was transporting methamphetamine she had purchased from Grepares, law enforcement conducted a traffic stop on Robinson's vehicle. Officers learned that Robinson's driver's license had been suspended. A search of her vehicle disclosed 22.29 grams of methamphetamine (actual), a digital scale, and plastic baggies commonly used to package narcotics. Also located within the black backpack during the search was a ledger containing several pages of personal information belonging to other persons and a credit card that was not issued to Robinson. The determination that the funds Robinson personally received from the offense was approximately $3,299.00 in United States currency.

Robinson's criminal history includes prior convictions for possession of marijuana, possession of a controlled substance (MDMA), possession of a controlled substance (methamphetamine), and no driver's license upon demand. She also had a pending charge for possession of a controlled substance (methamphetamine) and several dismissed charges for drugs and fraudulent use or possession of identifying information at the time of sentencing. In addition,

7

Robinson reported a history of poly-substance abuse, including the daily use of methamphetamine up to her most recent arrest. According to Robinson's Presentence Investigation Report ("PSR"), she was employed in various capacities in South Texas from 2007 to March 2021. Aside from her grandparents who resided in Indiana and formerly lived in Texas, all of the relatives listed in the PSR, including her father, stepmother, two half-siblings, and three step-siblings, resided in South Texas. The court notes one of the letters in support of her letter motion is from Malory Robinson, her half-sister, who resides with her husband and two children in Clute, Texas.

The court finds that Robinson's post-release conduct does not warrant early termination of her supervised release. She has not served even half of her term of supervision, and she identifies no notable achievements or new or exceptional circumstances. Moreover, although Robinson maintains that she has fully complied with her conditions of release to date, that is not accurate. Probation reports that a review of the case documents revealed that a prior Report on Offender Under Supervision was submitted to the court on November 6, 2023, which stemmed from her leaving the Southern District of Texas and traveling without permission to Nashville, Tennessee, on October 3, 2023. At the time, the court concurred with the recommendation of the supervising probation officer in the Southern District of Texas that no additional court action be taken after Robinson received a verbal reprimand for her violation conduct. Robinson, however, did not heed the reprimand.

As Probation points out:

> Further investigation found that Ms. Robinson had three previous transfer requests denied by the U.S. Probation Office in the Middle District of Tennessee during this term of supervised release. Contact was established with U.S. Probation Officer Tori Siciliano (USPO Siciliano) and we learned all three requests were for Ms. Robinson to live with Mr. Matthew Powell. The first request identified Mr. Powell as her cousin; however, the[y] are actually not family and were in a romantic

> relationship. During the second request, Mr. Powell was listed as a fiancé and USPO Siciliano discovered Ms. Robinson had been living in their district without approval inside the home. Mr. Powell lied to the investigating officer when asked about the last time he had seen Ms. Robinson and she was actually living in the home at that time. The third request for the same address was denied due to no change in the circumstances. Mr. Powell was deemed to be a negative influence in her life while on supervised release due to assisting her with violating the rules of her supervised release. It was suggested that she provide an additional transfer request to a more appropriate location and with an actual family member if desired.

Robinson appears to be under the misapprehension that she can dictate the terms of her supervised release. She seems to believe that she and her romantic partner can decide where they want to live and then mandate that Robinson's supervised release be transferred to that jurisdiction. It is the court, however, with the assistance of Probation, who sets the parameters of her term of supervised release, not Robinson, the person being supervised.

> Probation elaborates:
>
> In review of Ms. Robinson's case, there is no reference to any extraordinary accomplishments or compelling reasons for granting the motion at this time. Moreover, she has not maintained compliance during this term of supervised release as indicated in the earlier violation report. Although she appears to have made some progress during the supervision term, and may very well have good family support in the Tennessee and [Kentucky] areas, Ms. Robinson's actions to live in that area were not consistent with someone who should be granted early termination of supervision.
>
> If Ms. Robinson intends on moving to a more beneficial location, or a residence more conducive to her success in the future, all she would need to do is provide a valid residence, with truthful and relevant information, and it can be investigated by the determined district. Given the circumstances, our office concurs with the U.S. Attorney's Office and respectfully recommends the Court deny the motion for early termination and continue the supervision term through the expiration date of February 22, 2026.

The court agrees. While Robinson's achievements to date should be commended, continuing her on supervision will provide her the best opportunity for success in reentry in view of her instances of non-compliance and lack of candor, her prior involvement in drug distribution,

and her history of poly-substance abuse. Requiring Robinson to complete her entire, three-year term of supervised release safeguards against the reoccurrence of criminal activity and drug use, while imposing merely a slight burden on Robinson, which requires only electronic reporting and staying within the confines of her district of supervision without prior approval by Probation. Thus, although Robinson appears to be on the right path, the court believes that completion of her full term of supervised release appropriately reflects the seriousness of her offense, deters future criminal conduct, and provides needed structure for her continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4 (holding that the serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison). The court, likewise, is of the opinion that Robinson's current sentence, including the three-year term of supervised release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021). Given the nature of her offense, her criminal history, and her history of poly-substance abuse, early termination would not be in the interest of justice. Accordingly, Robinson's letter motion for early termination of supervised release must be rejected.

III.   Conclusion

In accordance with the foregoing, Robinson's *pro se* letter Motion for Early Termination from Federal Supervision (#330) is DENIED.

SIGNED at Beaumont, Texas, this 4th day of June, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE